UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK UNIVERSITY,

Plaintiff,

vs.

GALDERMA LABORATORIES, INC.,

Defendant.

Civil Action No. 12-cv-8169 (AKH)(AJP)

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**LECLAIRRYAN, A Professional Corporation**

Gregory J. Mascitti
Andrew P. Zappia
Colleen D. Holland
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel: (585) 270-2100
Fax: (585) 270-2179
Gregory.Mascitti@leclairryan.com
Andrew.Zappia@leclairryan.com
Colleen.Holland@leclairryan.com

*Attorneys for Plaintiff New York University*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. LEGAL STANDARD ..... 1

II. NYU WILL BE PREJUDICED BY A STAY OF THIS ACTION ..... 2

III. GALDERMA WILL NOT BE PREJUDICED BY A STAY OF THIS ACTION ..... 3

IV. JUDICIAL ECONOMY DOES NOT FAVOR A STAY ..... 4

V. THE INTERESTS OF THIRD PARTIES ARE A NEUTRAL FACTOR ..... 6

VI. THE PUBLIC INTEREST SUPPORTS PERMITTING THIS LITIGATION TO PROCEED ..... 7

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Clinton v. Jones*,
520 U.S. 681 (1997)....................1

*De Ponceau v. Bruner*,
No. 9:09-CV-00605, 2012 WL 1030415 (N.D.N.Y. Feb. 21, 2012)....................6

*In re S. Side House, LLC*,
470 B.R. 659 (Bankr. E.D.N.Y. 2012)....................7

*Kappel v. Comfort*,
914 F. Supp. 1056 (S.D.N.Y. 1996)....................2

*Nw. Nat'l Ins. Co. v. Insco, Ltd.*,
866 F. Supp. 2d 214 (S.D.N.Y. 2011)....................7

*TradeWinds Airlines, Inc. v. Soros*,
No. 08 CIV. 5901, 2011 WL 309636 (S.D.N.Y. Feb. 1, 2011)....................2

*Volmar Distribs. v. N.Y. Post Co.*,
152 F.R.D. 36 (S.D.N.Y. 1993)....................2

## INTRODUCTION

Plaintiff, New York University ("NYU"), submits this memorandum of law in opposition to the defendant, Galderma Laboratories, Inc.'s ("Galderma"), Motion To Stay (ECF No. 20) (the "Motion to Stay"). All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in NYU's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Counts II to VI of the Complaint and in Support of Plaintiff's Cross-Motion for Summary Judgment on Counts I and II of the Complaint dated February 19, 2013 (ECF No. 12) ("Plaintiff's Memorandum").

Galderma seeks a stay of the instant action on the basis that the United States Court of Appeals for the Federal Circuit is currently considering whether certain asserted claims of the Amin Patents are valid and infringed by a proposed generic drug. Defendant Galderma Laboratories, Inc.'s Memorandum of Law in Support of its Motion to Stay (ECF No. 21) ("Galderma's Stay Mem.") at 1. The fundamental flaw in Galderma's request for a stay is that *none* of the claims set forth in the Complaint are contingent upon or rendered moor by the outcome of the Appeals. NYU's right to expeditiously prosecute this action therefore should not be impeded.

## ARGUMENT

### I. LEGAL STANDARD

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In deciding a motion to stay, the Court must consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4)

> the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

The goal of a stay is to avoid prejudice to any party. "[I]f there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else, the movant must make out a clear case of hardship or inequity in being required to go forward." *TradeWinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901, 2011 WL 309636, at *3 (S.D.N.Y. Feb. 1, 2011) (quotation omitted). As set forth in detail below, Galderma cannot make out such a case.

## II. NYU WILL BE PREJUDICED BY A STAY OF THIS ACTION

Galderma's request that the Court stay this action pending the outcome of the Appeals is nothing more than a request that the Court stay Galderma's performance of its obligations to pay royalties and attorneys' fees pursuant to the Agreement and thereby deprive NYU of the benefits it is entitled to thereunder. Such a stay is not permissible under applicable law and would severely prejudice NYU.

As a threshold matter, Galderma has an exclusive license to the Amin Patents, and NYU therefore cannot license them to any other interested party. Galderma is therefore currently enjoying the exclusive use of NYU's intellectual property without paying for it.

Further, under the Agreement, Galderma is obligated to provide support to NYU (including, but not limited to, by the payment of costs and attorneys' fees) in connection with the Appeals. It is axiomatic that NYU will not receive the support it is entitled to under the Agreement if it must wait until after the Appeals are concluded. The longer

that Galderma is able to delay the payment of royalties and attorneys' fees, the greater the risk to NYU that Galderma may not be able to pay.

NYU's damages in this case are not just monetary. For example, Galderma has ceased providing NYU with information regarding sales of Oracea, in contravention of its obligation under Section 7.b of the Agreement. Without this information, NYU cannot calculate the amount of royalties which Galderma owes it. The longer Galderma delays in providing such information to NYU, the greater the risk to NYU that such information may be lost or more difficult to obtain.

Similarly, Section 9.d of the Agreement requires Galderma to provide NYU with reports regarding the commercialization of Licensed Products. Galderma's current insistence that Oracea is no longer a Licensed Product (which NYU's Complaint makes clear does not depend on the outcome of the Appeals) (*see* Complaint, ¶ 111 ("notwithstanding entry of the Judgments, Oracea remains a 'Licensed Product' under the Agreement.")) is therefore depriving NYU of its right to oversight of the commercialization of that product.

NYU has a significant interest in having its claims heard expeditiously. Galderma's actions actively harm NYU each day they are permitted to continue. Nothing in Galderma's Stay Memorandum justifies impeding NYU's right to a swift resolution of its disputes with Galderma.

## III. GALDERMA WILL NOT BE PREJUDICED BY A STAY OF THIS ACTION

Galderma claims that it will be prejudiced if this action is not stayed because it will be required "to participate in discovery, motion practice and other litigation activities that may be totally obviated by the Federal Circuit's decision." Galderma's Stay Mem. at

4. Galderma does not explain, however, how or why the Federal Circuit's decision could "obviate" any of the litigation activities that may be required in this action. As set forth in detail in § IV, *infra*, NYU's claims are not contingent upon and will not be rendered moot by the resolution of the Appeals.

If the Court were to deny this motion to stay, Galderma faces nothing more than litigation involving its failure to perform its contractual obligations (obligations that are not contingent upon and will not be rendered moot by the resolution of the Appeals). Such litigation cannot be considered "prejudice" under any circumstances.

## IV. JUDICIAL ECONOMY DOES NOT FAVOR A STAY

Galderma's assertion that "[t]his Court has a strong interest in staying the proceeding" because "[t]he decision on appeal may resolve claims raised in this proceeding" is conclusory and falsely assumes that NYU's claims in this action are dependent on the validity of the particular claims of the Amin Patents at issue in the Appeals. Galderma's Stay Mem. at 4. Galderma provides no support for its assertion and indeed could not do so. None of NYU's claims are contingent upon or will be rendered moot by the outcome of the Appeals.

As to Counts I and II of the Complaint, NYU has already established that it is entitled to summary judgment on these causes of action. *See* Plaintiff's Memorandum and Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion For Summary Judgment on Counts I and II of the Complaint (ECF Nos. 12 and 35 respectively). Galderma's current obligation to pay royalties is not contingent upon and cannot be rendered moot by the Federal Circuit's decision on the Appeals. Similarly, Galderma's obligation to pay NYU's attorneys' fees in connection with the Appeals is

not contingent upon and cannot be rendered moot by the Federal Circuit's decision on the Appeals.

In Galderma's Stay Memorandum, Galderma argues that "[t]he issues on appeal at the Federal Circuit directly relate to the breach of contract claims in this case; thus, the decision on appeal may resolve claims brought in this case and narrow the issues necessary to litigate." Galderma's Stay Mem. at 3. Galderma fails to provide any analysis to support this conclusory statement. A decision on the pending Appeals will not resolve or render moot NYU's claims. Even if the determination that the asserted claims of the Amin Patents are invalid is upheld, Galderma will remain obligated to pay (i) royalties *at least* through the date of the final resolution (and possibly longer) and (ii) NYU's attorneys' fees in connection with a final resolution of the Suits.

As to Count III of the Complaint, this claim is a matter of contract interpretation that exists independent of the validity of any claims of the Amin Patents. Galderma cannot credibly claim that its obligations to indemnify NYU for the instant action depend in any way on the outcome of the Appeals.

As to Count IV of the Complaint, NYU's claim for breach of the implied covenant of good faith and fair dealing is premised on actions that Galderma took during the trial of the Mylan Action. The outcome of the Appeals does not impact this cause of action.

As to Count V of the Complaint, NYU's promissory estoppel claim depends solely on the legal impact of Galderma's promise that it would bear all costs of the Suits. That promise is not contingent on the outcome of the Appeals.

As to Count VI of the Complaint, Paragraph 111 plainly states that NYU seeks a declaratory judgment "notwithstanding entry of the Judgments." If the judgments do not impact NYU's claim, then their confirmation or reversal cannot do so either. NYU's declaratory judgment explicitly addresses the claims of the Amin Patents which were not asserted in the Mylan Action. Complaint, ¶¶ 114-118. NYU's declaratory judgment claim therefore must continue to exist regardless of the outcome of the Appeals.

NYU has a right to have its claims against Galderma heard expeditiously. The Court "has the independent duty of insuring that it dispenses justice not only fairly, but in addition efficiently and economically." *De Ponceau v. Bruner*, No. 9:09-CV-00605, 2012 WL 1030415, at *14 (N.D.N.Y. Feb. 21, 2012). In this case, because none of NYU's claims depend on the outcome of the Appeals, efficiency and economics favor permitting the action to proceed.

Allowing this action to proceed will also promote docket efficiency, which Galderma concedes is a viable interest of the Court. Galderma's Stay Mem. at 4. A stay would simply allow this case to linger on the Court's docket to no benefit. Allowing it to proceed will encourage the parties to discuss potential alternative resolutions and will more quickly lead to a resolution.

## V. THE INTERESTS OF THIRD PARTIES ARE A NEUTRAL FACTOR

Galderma asserts that "the interests of persons not parties to this proceeding supports a stay" because "[t]here are no third party interests that would be harmed if the Court stays this proceeding." Galderma's Stay Mem. at 4. Galderma's *non sequitur* assertion fails to acknowledge that there are also no third party interests that would be enhanced if the Court stays this proceeding. Galderma, as the party proposing a stay,

must show that "a stay is necessary to avoid injury to these interests." *In re S. Side House, LLC*, 470 B.R. 659, 687 (Bankr. E.D.N.Y. 2012). Galderma cannot do so. The interests of third parties are therefore at best a neutral factor in the analysis. Galderma's unsupported assertion fails to establish a contrary conclusion.

## VI. THE PUBLIC INTEREST SUPPORTS PERMITTING THIS LITIGATION TO PROCEED

Galderma makes the similarly conclusory assertion that "[t]here is no possible public harm from a stay of this nature." Galderma's Stay Mem. at 4. Galderma's position ignores the fact that the Agreement grants NYU oversight of Galderma's commercialization of Oracea. Agreement, Section 9. The public has an interest in having prescription drugs appropriately commercialized.

The public also has an interest in scientific research and development. Upon resolution of this matter, NYU will again be able to use the royalties it receives from Oracea to fund its mission as a not-for-profit educational and research institution. Expeditious resolution of this action will therefore benefit the public.

Moreover, "there is always a strong public interest in moving a case along quickly toward a final disposition." *Nw. Nat'l Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214, 223 (S.D.N.Y. 2011). Galderma has failed to demonstrate any public interest in a stay that would overcome the basic policy favoring allowing litigation to continue.

## CONCLUSION

For the reasons set forth above, NYU respectfully requests that the Court deny the Motion to Stay in its entirety.

DATED: March 22, 2013

**LECLAIRRYAN, A Professional Corporation**

By: /s/Gregory J. Mascitti

Gregory J. Mascitti
Andrew P. Zappia
Colleen D. Holland
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel: (585) 270-2100
Fax: (585) 270-2179
Gregory.Mascitti@leclairryan.com
Andrew.Zappia@leclairryan.com
Colleen.Holland@leclairryan.com

*Attorneys for Plaintiff New York University*